UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. LIVINGSTON, | No. C 06-6266 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| SAN QUENTIN WARDEN, | |
| Defendant. | |

## INTRODUCTION

Joseph N. Livingston, currently an inmate at Avenal State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

In his complaint, Livingston alleges the following about a medical problem that he claims was not adequately addressed after he entered the California Department of Correction & Rehabilitation ("CDCR") prison system. Livingston states that he fell three stories and was hospitalized from May 3 - 28, 2006 at San Francisco General Hospital. His wrist was shattered in the fall and he underwent several surgeries. His after-care included going to the orthopedic clinic every 3-4 weeks to get x-rays to check on healing and for cast replacement. The last orthopedic clinic appointment he went to was on July 21, 2006. He was scheduled for another doctor's appointment on August 4, 2006, but apparently was arrested on July 22, 2006 and put

in the San Francisco County Jail. The sheriff's department rescheduled his doctor's appointment to August 11, 2006 for security reasons. He did not make it to that appointment because officials from the CDCR transported him to San Quentin State Prison on August 11. Upon his arrival at San Quentin, he notified medical staff of his appointment. Since his arrival at San Quentin, he had not "received any proper medical attention or treatment at all" (i.e., x-rays, blood test results to determine if he had a bone infection, and cast replacement) through September 12, when he wrote his complaint. Complaint, p. 4.

The only defendant in the action is the San Quentin warden (whose is identified by title but not by name). Livingston requests an injunction compelling medical attention to his wrist as well as damages. After filing this action, Livingston was transferred to Avenal State Prison, where he apparently now is housed.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint is deficient in that it does not have a proper defendant. The only defendant is the warden, but there is no allegation that the warden had anything to do with Livingston's medical care or lack thereof. The warden apparently has been sued on a respondeat superior theory (i.e., because he is in charge of the prison and responsible for the acts and omissions of

2

1 his employees), but there is no respondeat superior liability in a § 1983 action. Liability under
2 Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v.
3 List, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, the warden is dismissed from this
4 action.

5     The court will grant leave to amend so that Livingston may file an amended complaint
6 in which he pleads a claim against individuals who actually participated in the alleged violation
7 of his constitutional rights. Deliberate indifference to a prisoner's serious medical needs violates
8 the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v.
9 Gamble, 429 U.S. 97, 102-04 (1976). A prison official is deliberately indifferent if he knows
10 that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take
11 reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).
12 Livingston therefore must identify the particular person(s) at San Quentin who knew of his need
13 for medical care and refused to provide it to him. He also should identify when and how he
14 made each such person aware of his need for medical care. Without any defendants, his
15 complaint must be dismissed.

16     The other problem is that Livingston has now been moved to Avenal State Prison. In
17 light of his transfer, his request for injunctive relief to compel the San Quentin warden (or any
18 other individuals at San Quentin) to provide medical care is now moot. If he is not now
19 receiving adequate medical care at Avenal, he should pursue that matter at Avenal.

20
21 **CONCLUSION**

22     For the foregoing reasons, the complaint is dismissed with leave to amend so that
23 Livingston may attempt to identify as defendants any persons at San Quentin who allegedly
24 acted with deliberate indifference to his medical needs. The San Quentin warden is dismissed
25 from this action. The amended complaint must be filed no later than **May 4, 2007**, and must
26 include the caption and civil case number used in this order and the words AMENDED
27 COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a
28 complete statement of his claims and will supersede existing pleadings. See London v. Coopers

& Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

Plaintiff must promptly inform the court of any change of address.  It is not enough that he merely puts a new address as his return address on a filing because the clerical staff does not routinely check addresses on filings against the court records.  Plaintiff must file a separate one-page document with a caption of "Notice of Change Of Address" to inform the court of his change of address each time he is moved to a different prison or is released from custody.

The clerk will update the docket sheet to reflect that the plaintiff is now housed at Avenal State Prison.

IT IS SO ORDERED.

Dated: March 23, 2007

_____
SUSAN ILLSTON
United States District Judge